UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYDIAN PRIVATE BANK, d/b/a VIRTUALBANK,<br><br>         Plaintiff,<br><br> -against-<br><br>STEVEN M. LEFF, RICHARD A. LEFF, RACHEL M. LEFF, and NATIONAL SETTLEMENT AGENCY, INC.,<br><br>    Defendants. | 07 Civ. 8173 (LTS)<br>ECF Case<br><br>**PRELIMINARY<br>PRE-TRIAL STATEMENT** |

**(a)**    **Statement of the Nature of the Action**

  This action arises out of the alleged diversion of funds entrusted by plaintiff Lydian Private Bank, d/b/a VirtualBank ("Lydian"), a Federal savings association, to defendant National Settlement Agency, Inc. ("NSA"), a mortgage settlement escrow and closing service in New York, in connection with mortgage closings.

  NSA is not defending the claims against it in this action. Lydian is preparing a motion for a default judgment against NSA.

  Defendant Steven M. Leff ("Steven Leff"), a principal of NSA, was arrested by Federal authorities for his conduct in this matter, and is the subject of a criminal complaint by the United States Attorney for the Eastern District of New York. Steven Leff also is not defending the claims against him in this action. Lydian is preparing a motion for a default judgment against Steven Leff.

  Defendant Rachel M. Leff ("Rachel Leff"), also ostensibly a principal of NSA, has filed for bankruptcy, staying the claims against her in this action.

  Because defendant Richard A. Leff ("Richard Leff") is the only defendant defending this action, this Preliminary Pre-Trial Statement is limited to Lydian's claims against Richard Leff. Lydian reserves the right to amend or supplement its Pre-Trial Statement as concerns the other defendants should circumstances change.

  Richard Leff is Steven Leff's brother. It is undisputed that Richard Leff is an attorney and was at least an employee of NSA. Lydian contends that Richard Leff acted as Lydian's attorney as well as an officer of NSA, and was at least a facilitator of the NSA fraudulent scheme. Richard Leff denies these contentions.

Lydian asserts the following claims against Richard Leff: common law fraud (First Cause of Action); breach of fiduciary duty (Second Cause of Action); negligence (Third Cause of Action), money had and received (Fourth Cause of Action); attorney malpractice (Fifth Cause of Action); conversion (Sixth Cause of Action); imposition of a constructive trust (Seventh Cause of Action); restitution (Eighth Cause of Action); and for an accounting (Ninth Cause of Action).

Richard Leff has filed an Answer, in which he denies liability and asserts the following affirmative defenses: failure to state a cause of action (First Affirmative Defense); exercise of due care and diligence (Second Affirmative Defense); acts or omissions of third parties over which Richard Leff exercised no direction or control (Third Affirmative Defense); statute of frauds (Fourth Affirmative Defense); lack of proximate cause (Fifth Affirmative Defense); failure to comply with Rule 9(b) (Sixth Affirmative Defense); failure to establish actionable damages (Seventh Affirmative Defense); failure to establish that Richard Leff's conduct fell below the applicable standard of care (Eighth Affirmative Defense); and failure to join persons needed for just adjudication (Ninth Affirmative Defense).

**(b)   Basis for Federal Jurisdiction**

Lydian alleges that federal jurisdiction exists pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and the parties are citizens of different states.

Lydian is chartered by the Office of Thrift Supervision of the United States Treasury as a Federal savings association within the meaning of 12 U.S.C. § 1464. Lydian's home office is located in Florida. Accordingly, pursuant to 12 U.S.C. § 1464(x), Lydian is a citizen of the State of Florida.

Richard Leff is a citizen of the State of New Jersey. Steven Leff and Rachel Leff are citizens of the State of New York.

**(c)   Statement of All Material Uncontested or Admitted Facts**

The only material uncontested facts at this stage of Lydian's claims against Richard Leff are that Richard Leff is an attorney licensed in the State of New York who was employed by NSA in some capacity.

**(d)   Statement of All Uncontested Legal Issues**

The parties agree that the common law of the State of New York governs the parties' substantive claims and defenses.

It is premature for counsel to determine what other legal issues are "uncontested" at this stage. Counsel will confer in good faith on this subject as the case proceeds.

(e)    **Statement of All Legal Issues to be Decided by the Court**

Whether Lydian has established the following claims against Richard Leff under the common law of the State of New York: common law fraud (First Cause of Action); breach of fiduciary duty (Second Cause of Action); negligence (Third Cause of Action), money had and received (Fourth Cause of Action); attorney malpractice (Fifth Cause of Action); conversion (Sixth Cause of Action); imposition of a constructive trust (Seventh Cause of Action); restitution (Eighth Cause of Action); and for an accounting (Ninth Cause of Action); and

Whether Richard Leff has established the following defenses against Lydian's claims under the common law of the State of New York or the Federal Rules of Civil Procedure, as applicable: failure to state a cause of action (First Affirmative Defense); exercise of due care and diligence (Second Affirmative Defense); acts or omissions of third parties over which Richard Leff exercised no direction or control (Third Affirmative Defense); statute of frauds (Fourth Affirmative Defense); lack of proximate cause (Fifth Affirmative Defense); failure to comply with Rule 9(b) (Sixth Affirmative Defense); failure to establish actionable damages (Seventh Affirmative Defense); failure to establish that Richard Leff's conduct fell below the applicable standard of care (Eighth Affirmative Defense); and failure to join persons needed for just adjudication (Ninth Affirmative Defense).

(f)    **Each Party's Statement of Material Disputed Facts**

It is undisputed that Richard Leff is an attorney and was at least an employee of NSA. Lydian contends that Richard Leff acted as Lydian's attorney as well as an officer of NSA, and was at least a facilitator of the NSA fraudulent scheme. Richard Leff denies these contentions.

It is premature for counsel to determine what other facts are disputed or not at this stage. Counsel will confer in good faith on this subject as the case proceeds.

(g)    **Statement of Plaintiff of the Legal Basis of Each Cause of Action**

Lydian relies on the common law of the State of New York as to each of its causes of action, including but not limited to the following:

- as to common law fraud (First Cause of Action), see, e.g. Jo Ann Homes at Bellmore v. Dworetz, 25 N.Y.2d 112, 119 (1969).

- as to breach of fiduciary duty (Second Cause of Action), see, e.g. Kidz Cloz, Inc. v. Officially for Kids, Inc., No. 00 CIV. 6270(DC), 2002 WL 392291, *4 (S.D.N.Y. March 13, 2002) (citing Cramer v. Devon Group, 774 F.Supp. 176, 184 (S.D.N.Y. 1991); Mandelblatt v. Devon Stores, Inc., 132 A.D.2d 162, 168 (1st Dep't 1987).

3

- as to negligence (Third Cause of Action), see, e.g. Rodriguez v. Budget Rent-A-Car Systems, Inc., 44 A.D.3d 216, 221 (1st Dep't 2007).

- as to money had and received (Fourth Cause of Action), see, e.g. In the Matter of the Estate of Witbeck, 245 A.D.2d 848, 850 (3d Dep't 1997).

- as to attorney malpractice (Fifth Cause of Action), see, e.g. Mendoza v. Schlossman, 87 A.D.2d 606, 606-7 (2d Dep't 1982).

- as to conversion (Sixth Cause of Action), see, e.g. State v. Seventh Regiment Fund, Inc., 98 N.Y.2d 249, 259 (2002).

- as to imposition of a constructive trust (Seventh Cause of Action), see, e.g. Sharp v. Kosmalski, 40 N.Y.2d 119, 121 (1976); Counihan v. Allstate Ins. Co., 194 F.3d 357, 362 (2d Cir. 1999).

- as to restitution (Eighth Cause of Action), see, e.g. Korff v. Corbett, 18 A.D.3d 248, 251 (1st Dep't 2005).

- as to an accounting (Ninth Cause of Action), see, e.g. Palazzo v. Palazzo, 121 A.D.2d 261, 264 (1st Dep't 1986).

**(h)    Statement of Defendant of the Legal Basis of Each Defense**

1. The Plaintiff's Complaint fails to state a cause of action for which relief may be granted against Richard A. Leff. Rule 12(b)(6).

2. Richard A. Leff is not liable for the acts or omissions of third persons or entities over which he exercised no direction or control. See Pulka v. Edelman, 40 N.Y.2d 781, 786, 390 N.Y.S.2d 393, 397, 358 N.E.2d 1019, 1022 (1976); Purdy v. Public Adm'r of County of Westchester, 72 N.Y.2d 1, 8, 530 N.Y.S.2d 513, 516, 526 N.E.2d 4, 7 (1988).

3. Richard A. Leff owed no duty of care to Plaintiff and was not the proximate cause of the Plaintiff's alleged damages. See Akins v. Glens Falls City School Dist., 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981); Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006); Cramer v. Devon Group, Inc., 774 F. Supp. 176, 184–185 (S.D.N.Y. 1991).

4. The Plaintiff's Complaint fails to establish actionable damages resulting from Richard A. Leff's alleged acts/omissions. Akins v. Glens Falls City School Dist., 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981).

5. The Plaintiff's Complaint fails to comport with Rule 9(b) and should be dismissed.

6. The Plaintiff's Complaint fails to establish that Richard A. Leff's conduct fell below the applicable standard of care. See Terio v. Spodek, 25 A.D.3d 781, 784, 809 N.Y.S.2d 145 (2d Dept. 2006); Schafrann v. N.V. Famka, Inc., 14 A.D.3d 363, 787 N.Y.S.2d 315 (1st Dept. 2005).

7. The Plaintiff's Complaint fails to join persons needed for just adjudication. Rule 12(b)(7); Rule 19.

8. Richard A. Leff never exercised dominion and control over of the missing funds, nor did he exclude Plaintiff from exercising its rights over the funds. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403–04 (2d Cir. 2006).

9. Richard A. Leff never made any misrepresentation or omission of fact to plaintiff with knowledge of its falsity and the intent to defraud. See Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006).

10. Richard A. Leff was never in possession of the missing funds and, therefore, was never enriched by any of the funds, nor did he ever enjoy any portions of those funds for his own personal use. See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004).

11. Richard A. Leff was never in possession of missing funds nor did he ever have authority or control over the direction of those funds. See Parsa v. State, 64 N.Y.2d 143, 148, 485 N.Y.S.2d 27, 29–30, 474 N.E.2d 235, 237–238 (1984).

(i) **Statement of the Burden of Proof as to Each Cause of Action and Defense**

Lydian submits that the preponderance of the evidence standard is the burden of proof applicable to all its causes of action except fraud, as to which the clear and convincing evidence standard applies.

Richard A. Leff must prove all affirmative defenses by a preponderance of the evidence, except for the affirmative defense of fraud, which Richard A. Leff must prove by clear and convincing evidence.

(j) **Amendments to Pleadings**

No amendments to pleadings after February 15, 2008; provided, however, that leave may be sought to extend this date if Lydian has not taken Richard Leff's deposition by January 31, 2008.

(k) **No Consent to Proceed before a Magistrate Judge**

All parties do not consent to the transfer of this action to a Magistrate Judge for all purposes, including trial.

(l) **Discovery Schedule**

All Rule 26(a)(1) disclosures shall be completed by December 14, 2007.

(m) **Subjects on Which Disclosure May Be Needed and Proposed Discovery Cut-Off Date**

Lydian will seek discovery as to the particulars of the underlying fraud by NSA and its principals, the whereabouts of Lydian's funds that were diverted, the activities of Richard Leff in connection with NSA generally and Lydian's funds in particular, the role of Richard Leff as attorney in this matter, and the availability of assets, including insurance policies, to make Lydian whole.

Richard Leff will seek discovery concerning, among other subjects, any claim or defense being asserted, each and every mortgage transaction at issue, and all communications between Plaintiff and Defendants.

Fact discovery shall be completed by June 1, 2008.

(n) **Expert Witnesses and Proposed Deadlines for Expert Discovery**

All Rule 26(a)(2) disclosures shall be completed by June 15, 2008.

All expert reports shall be exchanged by June 30, 2008.

All expert discovery shall be completed by July 31, 2008.

(o) **Proposed Changes to Limitations on Discovery**

The parties shall follow the disclosure requirements and procedures of the Fed. R. Civ. P. and the Rules of the Court; provided, however, that leave may be sought to vary these requirements and procedures if appropriate to do so.

(p) **Status of Settlement Discussions**

The parties have had preliminary settlement discussions, but are not close to a resolution of the matter at this time.

(q) **Jury/Non-Jury Trial and Estimated Trial Days**

This is a non-jury trial that the parties estimate will take seven (7) days.

(r)  **Other Orders**

The parties intend to enter into a mutually agreed protective order regarding information either party may wish to designate as confidential.

Dated:  November 27, 2007

MILLER & WRUBEL P.C.

By: _____
Charles R. Jacob III
Haynee C. Kang
Corey W. Parson (New York admission pending)
250 Park Avenue
New York, New York 10177
Tel. (212) 336-3500
Fax (212) 336-3555
*Attorneys for Plaintiff*

KAUFMAN BORGEEST & RYAN LLP

By: _____
Jonathan B. Bruno
Kaufman Borgeest & Ryan LLP
99 Park Avenue, 19th Floor
New York, New York 10016
Phone: (212) 980-9600
Fax:  (212) 980-9291
*Attorneys for Defendant Richard A. Leff*