UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYDIAN PRIVATE BANK,<br>d/b/a VIRTUALBANK,<br><br>                      Plaintiff,<br><br>-against-<br><br>STEVEN M. LEFF, RICHARD A. LEFF,<br>RACHEL M. LEFF, and NATIONAL<br>SETTLEMENT AGENCY, INC.,<br><br>                      Defendants. | Case No.: 07 Civ. 8173 (LTS)(MHD)<br><br>ECF Case<br><br>**DECLARATION OF**<br>**CHARLES R. JACOB III**<br>**IN SUPPORT OF MOTION**<br>**FOR DEFAULT JUDGMENT** |

        CHARLES R. JACOB III hereby declares, under penalty of perjury:

        1.     I am a member of the Bar of this Court and the firm of Miller & Wrubel P.C. ("Miller & Wrubel"), attorneys for plaintiff in the above-entitled action. I am familiar with the facts and circumstances of this action set forth herein.

        2.     I submit this declaration pursuant to Local Civil Rule 55.2(b), in support of the motion of plaintiff Lydian Private Bank d/b/a VirtualBank ("Lydian") for a default judgment against defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff ("Steven Leff").

        3.     Lydian has moved by Order to Show Cause, instead of notice of motion, to fix the manner of service of this motion.[1]

---

[1] NSA has been out of business since its fraudulent diversion of bank funds came to light in July 2007, and Steven Leff is the subject of a criminal proceeding in the Eastern District of New York. Lydian requests that it be permitted to serve NSA by mail at its last known address and Steven Leff by overnight delivery to his counsel, Michael Soshnick, Esq.

## Commencement of the Action and Service of Process

4. This action was commenced on September 18, 2007 by the filing of the Complaint. A copy of the Complaint is attached hereto as Exhibit A.

5. Under my supervision, copies of the Summons, Complaint, Rule 7.1 Statement, Individual Practices of Judge Laura Taylor Swain, Individual Practices of Magistrate Judge Michael H. Dolinger, and ECF Instructions, Procedures, and Guidelines were served on:

(a) defendant NSA on September 19, 2007 by: (i) personal service on Mary Beth Huyck, an agent of the Secretary of State, of the State of New York, in accordance with New York Business Corporation Law § 306(b), and proof of such service thereof was filed on September 25, 2007; and (ii) first class mail on defendant NSA, pursuant to Fed.R.Civ.P. 4(h)(1) and New York Civil Practice Law and Rules § 3215(g)(4) (copies of the Affidavits of Service with respect to NSA are attached hereto as Exhibit B); and

(b) defendant Steven Leff on September 19, 2007 by service upon Michael L. Soshnick, attorney for defendant Steven Leff, who agreed to accept service on defendant Steven Leff's behalf, and proof of such service thereof was filed on September 28, 2007 (a copy of the Affidavit of Service with respect to Steven Leff is attached hereto as Exhibit C).

## Subject Matter and Personal Jurisdiction

6. Lydian is chartered by the Office of Thrift Supervision of the United States Treasury as a Federal savings association within the meaning of 12 U.S.C. § 1464. Lydian's principal place of business is in Palm Beach Gardens, Florida.

7. On information and belief, NSA is a corporation organized under the laws of the State of New York with its principal place of business (when it was in business) in New York, New York.

8. On information and belief, defendant Steven Leff resides at 47 Skylark Road, Massapequa Park, New York 11762.

9. On information and belief, defendant Richard A. Leff resides at 10 Park Road, Short Hills, New Jersey 07078.

10. On information and belief, defendant Rachel M. Leff resides at 15 Anvil Court, East Hampton, New York 11937.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that Lydian and defendants NSA and Steven Leff are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. NSA and Steven Leff are subject to personal jurisdiction in this Court pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules because they transacted business in the State of New York and contracted with Lydian to supply services in the State of New York, and this action arises out of their business transactions and contracts to supply services in the State of New York.

### NSA's and Steven Leff's Default

13. NSA's time to answer or otherwise respond to the Complaint ended on October 9, 2007. To date, NSA has not answered or otherwise responded to the Complaint.

14. Steven Leff's time to answer or otherwise respond to the Complaint ended on October 11, 2007. To date, Steven Leff has not answered or otherwise responded to the Complaint.

15. NSA, being a corporation organized under the laws of the State of New York, is not in the military, an infant or an incompetent person.

16. I have met Steven Leff, and believe that he is not in the military, an infant or an incompetent person.

17. In accordance with the Court's Individual Practices, by letter, dated October 16, 2007, Lydian requested the Court's permission to move for default judgment against NSA and Steven Leff.

18. By Order, dated October 22, 2007 (the "October 22 Order"), the Court ordered that Lydian may make a motion for default judgment. I attach hereto as Exhibit D a copy of the October 22, 2007 Order.

19. On November 15, 2007, the Clerk of the Court entered a Certificate of Default against NSA and Steven Leff. The Clerk's Certificate of Default is attached hereto as Exhibit E.

### No Novel Issues of Law

20. This motion raises no novel issues of law. Accordingly, Lydian respectfully requests that the Court waive the requirement of Local Civil Rule 7.1 that Lydian submit a separate memorandum of law.

21. Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y.

1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, <u>Federal Practice & Procedure: Civil 3d</u> § 2688 at 58-59 (3d ed. 1998)).

### Lydian's Claims

22. The factual allegations of the Complaint relevant to this motion are summarized below. The amount of Lydian's damages is addressed in the accompanying Declaration of Christopher T. Boldman, dated November 27, 2007 ("Boldman Decl.").

23. Lydian seeks to recover approximately $1.4 million it entrusted to defendants, who represented they would act as Lydian's attorneys and closing agents in a series of mortgage loan closings. Defendants promised to maintain Lydian's entrusted funds in an attorney escrow account for use in mortgage loan closing transactions. Instead of safeguarding these entrusted funds as Lydian's attorneys and closing agents, defendants NSA and Steven Leff, Richard A. Leff, and Rachel M. Leff (collectively the "Individual Defendants") diverted these funds from Lydian's escrow account, allowed others to divert these funds, or commingled their funds with Lydian's funds. (Complaint ¶ 1).

24. NSA and the Individual Defendants were engaged in the business of providing settlement services for mortgage refinance transactions involving properties in the State of New York. (Complaint ¶ 12).

25. The services provided by NSA and the Individual Defendants included maintaining attorney escrow accounts for the deposit of mortgage proceeds and disbursement of those funds in accordance with the settlement statements for such mortgage loans. The services also included arranging for title insurance to insure the interest of the lender in the property being mortgaged. (Complaint ¶ 13).

26. On or about May 14, 2002, Lydian and NSA entered into an agreement entitled the Service Agreement (the "Service Agreement"), pursuant to which Lydian engaged NSA to provide the above described services for certain mortgage refinance transactions. (Complaint ¶¶ 14-15).

27. Among the services NSA agreed to provide for Lydian was "state specific escrow services." (Complaint ¶ 20).

28. NSA, through the Individual Defendants, represented to Lydian that in New York State, "state specific escrow services" meant that the escrowing of funds for mortgage closings was required to be done by means of an attorney escrow account. (Complaint ¶ 21).

29. In early 2007, NSA, through the Individual Defendants, represented to Lydian that the Individual Defendants would set up a separate attorney escrow account (the "Escrow Account") for funds Lydian would provide to close transactions pursuant to the Service Agreement. Accordingly, defendants agreed and undertook to act as attorneys and closing agents for Lydian with respect to closings under the Service Agreement, and to hold Lydian funds provided for closings in the Escrow Account in that regard. (Complaint ¶ 22).

30. The substance of the Services and defendants' representations to Lydian, taken as a whole, was that defendants would receive and hold funds from Lydian in the Escrow Account until all steps were taken to obtain for Lydian clear first lien title to the property being mortgaged, and to distribute loan proceeds (consisting of the funds from Lydian) only in such circumstance as Lydian obtained clear first lien title to such property. (Complaint ¶ 24).

31.  Lydian entrusted funds to defendants under the foregoing arrangement. Commencing at a time unknown to Lydian, the Individual Defendants began to divert Lydian's funds from the Escrow Account for their own purposes or permit others to divert Lydian's funds from the Escrow Account, rather than use Lydian's escrowed funds for approved mortgage closings, as agreed and as required by the duties defendants owed to Lydian. (Complaint ¶ 25).

32.  Lydian learned of the unlawful diversions of funds through complaints by, among others, sellers of real property whose pre-existing mortgages should have been, but were not, paid in full as a result of approved closings of new mortgages Lydian funded on behalf of the new owner/mortgagor. Rather than remit Lydian's funds from the Escrow Account as required to pay off such pre-existing mortgages, the Individual Defendants diverted Lydian's funds from the Escrow Account for their own use or stood by while others diverted Lydian's funds. (Complaint ¶ 26).

33.  On numerous occasions in July and July 2007, representatives of Lydian visited NSA's offices and met with Steven Leff, and ultimately his attorney, in an attempt to ascertain what had happened with respect to the "missing" Lydian funds. Neither Steven Leff nor his attorney, nor any other person on behalf of NSA, explained what had happened to the missing funds. While denying embezzlement himself, Steven Leff openly acknowledged the seriousness of the situation – that well over a million dollars was missing from the Escrow Account – and suggested that others at NSA might have embezzled VirtualBank's funds from the Escrow Account. (Complaint ¶ 28).

34.  On information and belief, at some time following Steven Leff's conversations with VirtualBank, Steven Leff provided a signed statement to the FBI

admitting that, on numerous occasions, he diverted funds from NSA's client escrow accounts. On further information and belief, Steven Leff is currently being prosecuted in the United States District Court for the Eastern District of New York for embezzlement of funds belonging to NSA's clients. (Complaint ¶ 29).

### Lydian's Damages

35. The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997 (quoting Fostok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

36. As described in the Boldman Decl., the damages Lydian seeks arise from defendants' breach of their obligations under the Service Agreement and their misrepresentations in connection therewith, and can be readily determined by the amount of "shortfalls" with respect to certain mortgage loans that Lydian funded, and related expenditures that Lydian was required to make.

37. Accordingly, Lydian requests that the Court grant a Default Judgment against defendants NSA and Steven Leff in the amount requested. A proposed Default Judgment is attached as Exhibit 1 to Lydian's Order to Show Cause.

### No Previous Request for Relief Sought

38. No previous application for the relief sought herein has been made.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 27th day of November, 2007

                                                                                                  _____
                                                                                                   Charles R. Jacob III